UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM F. WAGNER, | Case No. 25-cv-3998 (LMP/SGE) |
| Plaintiff, | |
| v. | **ORDER STAYING CASE** |
| CITY OF LE SUEUR, | |
| Defendant. | |

On October 17, 2025, Plaintiff William F. Wagner ("Wagner") brought this complaint alleging that the City of Le Sueur ("Le Sueur") effected a taking of his property in violation of the Fifth and Fourteenth Amendments. ECF No. 1 at 4. Wagner requests to proceed *in forma pauperis* ("IFP"), ECF No. 2 ("IFP Application"), which subjects his complaint to early review under 28 U.S.C. § 1915(e)(2) before being served. Because Wagner states a claim upon which relief may be granted, the Court grants his IFP Application and orders service on Le Sueur. But because any resolution of Wagner's takings claim would impact ongoing state criminal proceedings, the Court stays this litigation pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## BACKGROUND

Wagner asserts that, at some unspecified time, Le Sueur put a public sidewalk on his property without compensating him. ECF No. 1 at 4–5. For relief, he wants the

sidewalk removed, monetary damages, and the removal of "both of the frivolous citations." *Id.* at 5.

Although Wagner does not explain what the "frivolous citations" are, he appears to be referencing two ongoing state criminal proceedings: *State v. Wagner*, No. 40-CR-25-496 (Minn. Dist. Ct.) (the "496 case"), and *State v. Wagner*, No. 40-CR-25-575 (Minn. Dist. Ct.) (the "575 case").[1] In the 496 case, Wagner is charged with misdemeanor disorderly conduct in violation of Minn. Stat. § 609.72, stemming from an incident on June 9, 2025. 496 Case, Index # 1. In the 575 case, Wagner is charged with two misdemeanors: (1) public nuisance by interfering with a right of way in violation of Minn. Stat. § 609.74, and (2) a right-of-way violation in violation of Minn. Stat. § 160.2715(a)(12), both stemming from an incident on June 24, 2025. 575 Case, Index #1.

Given the lack of details in the complaint, the filings in the state criminal proceedings provide the Court necessary context into Wagner's current claim. It appears that, in June 2025, Le Sueur hired various construction companies to dig in front of Wagner's house to update underground utilities. *See* 575 Case, Index #1 at 2. On both June 9 and June 24, 2025, police were called to Wagner's house because Wagner allegedly was interfering with that construction work, and police issued Wagner misdemeanor citations following those incidents. *Id.* On September 24, 2025, Wagner filed an identical "answer" in both cases, asserting that Le Sueur had no legal basis to order the construction because it has no valid right of way for his property, and that Le Sueur's construction

---

[1]   The Court may take judicial notice of public judicial records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

constituted a taking in violation of the Fifth Amendment. 496 Case, Index #9 at 1; 575 Case, Index #11 at 1. Both cases are set for a hearing on November 12, 2025. 496 Case, Index #8 at 2; 575 Case, Index #10 at 2.

Wagner then brought this action, and four others, between October 17 and October 20, 2025. ECF No. 1; *see also Wagner v. Eam*, No. 25-cv-4001 (LMP/SGE), ECF No. 1 (D. Minn. Oct. 17, 2025); *Wagner v. Gladis*, No. 25-cv-4002 (LMP/SGE), ECF No. 1 (D. Minn. Oct. 17, 2025); *Wagner v. Moran*, No. 25-cv-4020 (NEB/DJF), ECF No. 1 (D. Minn. Oct. 20, 2025); *Wagner v. Goggins*, No. 25-cv-4021 (JMB/ECW), ECF No. 1 (D. Minn. Oct. 20, 2025). Each lawsuit relates, in some fashion, to the ongoing dispute about the legality of Le Sueur's actions.

## ANALYSIS

Under Section 1915, an IFP application will be denied, and an action will be dismissed, when the complaint does not state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In determining whether a complaint states a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wagner is representing himself, the Court is mindful to liberally construe his filings. *See Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Accordingly, "[i]f a local government takes private property without paying for it, that government has violated the Fifth Amendment." *Knick v. Township of Scott*, 588 U.S. 180, 189 (2019). Wagner alleges that Le Sueur put a public sidewalk on his property without compensating him. ECF No. 1 at 4–5. Le Sueur's placement of a public sidewalk on Wagner's private property plausibly alleges that Le Sueur "interfere[d] with [Wagner's] right to exclude others from" his property, which constitutes a *per se* taking. *Sheetz v. County of El Dorado*, 601 U.S. 267, 274 (2024).

But Wagner's claim is likely to turn on whether Le Sueur had a legal right of way for the section of Wagner's property on which it initiated construction. That is, if Le Sueur possessed a sufficient property interest, then Le Sueur would not have effected a taking. Whether Le Sueur had such a property interest is at issue in at least one of Wagner's ongoing criminal proceedings; indeed, Wagner himself has already asserted as much in both of those matters. 496 Case, Index #9 at 1; 575 Case, Index #11 at 1. That dispute requires the Court to stay the federal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), until Wagner's criminal proceedings are over. In *Younger v. Harris*, the

4

Supreme Court held that, "consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met." *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018) (citing *Younger*, 401 U.S. at 43–46). Those conditions exist "when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

All three conditions are met here. First, the criminal prosecutions against Wagner remain ongoing, and those state proceedings are parallel to this case because whether Le Sueur had an adequate legal interest in the property is directly at issue in those ongoing state criminal proceedings, and litigating the takings claim in this matter would almost certainly interfere with those proceedings. Second, "criminal proceedings are the paradigmatic type of state-court proceeding" in which the important interests of the state necessitate abstention. *Spottswood v. Washington County*, No. 24-cv-0224 (JWB/ECW), 2024 WL 3403235, at *3 (D. Minn. June 17, 2024), *report and recommendation adopted sub nom.*, *Spottswood v. Washington County*, No. 24-cv-0224 (JWB/ECW), 2024 WL 3402746 (D. Minn. July 11, 2024). Third, Wagner has an opportunity to raise the relevant federal question of Le Sueur's property rights in the state proceeding; indeed, he has already raised that issue before the state court. 496 Case, Index #9 at 1; 575 Case, Index #11 at 1. *Younger* accordingly necessitates that Wagner's claim be stayed for the duration

of the ongoing criminal proceeding. *See Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 482 (8th Cir. 1998).

In the meantime, because Wagner's claim is not subject to dismissal pursuant to Section 1915(e)(2), Wagner's IFP Application will be granted, and the Court will direct that service of process be effected on the City of Le Sueur pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Le Sueur is directed to inform the Court (in a letter not to exceed two pages) within seven days of the entry of judgment in both underlying criminal proceedings of the outcome in those matters. All deadlines for filing an answer or otherwise responding to the complaint are tolled during the pendency of the stay.

## CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Wagner's IFP Application (ECF No. 2) is **GRANTED**;

2. The U.S. Marshals Service is directed to effect service of process on Le Sueur consistent with Rule 4(j) of the Federal Rules of Civil Procedure at the following address:

    City of Le Sueur—City Administrator
    203 South Second Street
    Le Sueur, MN 56058

3. This action is **STAYED** during the pendency of *State v. Wagner*, No. 40-CR-25-496 (Minn. Dist. Ct.), and *State v. Wagner*, No. 40-CR-25-575 (Minn. Dist. Ct.);

4. All deadlines for filing an answer or otherwise responding to the complaint filed in this matter is tolled during the pendency of the stay; and

5.  Le Sueur is directed to inform the Court within seven days of the entry of judgment in No. 40-CR-25-575 and No. 40-CR-25-496 (whichever is later) of the outcome in those matters.  The Court should be informed through a letter not to exceed two pages.

Dated: October 31, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge